UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHNNIE PARKER
3912 Brinkley Road
Temple Hills  MD 20748

And

Starrelette Gail Jones-Parker
3912 Brinkley Road
Temple Hills, MD 20748

           : Civil Action No. __15- 1506__

     Plaintiff(s)

       v.

JOHN MORIARTY & ASSOCIATES
 OF VIRGINIA, LLC
1005 North Glebe Road,
Suite 200
Arlington, VA 22201


     Defendant(s)

SERVE:
CT CORPORATION
1015 15th Street, NW
Suite 1000
Washington, DC 20005


## COMPLAINT

  Plaintiff Johnnie Parker sues Defendant John Moriarty & Associates (Moriarty) and

alleges:

## PARTIES

1.  Plaintiff Johnnie Parker is a resident of Maryland, who was injured while

working in the District of Columbia.

{00198045;v1}

2.      Plaintiff **Starrelette Gail Jones-Parker** is the wife of Johnnie Parker and the mother of his children.

3.      Defendant Moriarty is business working on a construction project in Washington, DC with a corporate office located in Arlington, Virginia.

## JURISDICTION AND VENUE

4.      This court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      The cause of this action arose in the District of Columbia, thus venue properly lies with this Court pursuant to 28 U.S.C. § 1402(b) and § 1391(e).

## LOCATION

6.      The location of the incident was at the construction site, located between 600 and 624 H Street, NE, Washington, DC.

## FACTS

7..     Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as if fully alleged herein.

7.      At all times relevant herein, Plaintiff was employed as a construction worker for the company CW Strittmatter.

8.      At all times relevant herein, and upon information and belief, Defendant Moriarty was the general contractor hired to perform the construction of the Apollo Project, located between 600 and 624 H Street, NE, Washington, DC.

{00198045;v1}

9.    On December 18, 2014, as part of his regular duties of employment, Plaintiff

was instructed to excavate between 600 and 624 H Street, NE, Washington,

DC.

10.   The Department of the Environment for the District of Columbia has

publicly released the information, as part of a federal mandate, that the area

between 601-645 H Street, NW Washington, DC is contaminated by a

leaking underground storage tank.

11.   Defendant knew, or should have known, about the leaking underground

storage tanks, which contained toxic chemicals, under the ground between

600 and 624 H Street, NE, Washington, DC.

12.   Defendant did not warn Plaintiff regarding the leaking underground storage

tanks, buried in the ground, in which the Plaintiff was instructed to excavate.

13.   Plaintiff's employer did not instruct him to wear any protective gear to shield

him from toxic, chemical exposure.

14.   Plaintiff was not wearing any protective gear to shield him from toxic,

chemical exposure.

15.   As a result of this incident, Plaintiff sustained serious, permanent, and

debilitating injuries, including, but not limited to chronic dyspnea, painful

breathing, acute bronchitis, wheezing and coughing.

## COUNT I
### (Negligence)

16.   Plaintiff incorporates by reference paragraphs 1 through 15 of the Complaint

as if fully alleged herein.

17.     At all times referenced herein, Defendant Moriarty, as general contractor,

owed Plaintiff a duty to act with reasonable care, including but not limited

to, the duty to maintain overall jobsite safety, to exercise all reasonable

caution to avoid injury to persons on or about the premises, including but not

limited to performing frequent and regular inspections of the site to ensure

the safety of the site and workers, such as Plaintiff, indicating and/or warning

workers and other persons lawfully on the premises of the presence of

foreseeable dangers such as leaking underground storage tanks and taking all

other appropriate precautions to prevent toxic, chemical exposure to persons

on the jobsite.

18.     Defendant Moriarty, through its agents and/or employees, breached these

duties, was negligent, and otherwise failed to act reasonably under the

circumstances.

19.     Defendant's failure to inform Plaintiff of the risks of toxic chemical

exposure, nor take proper safety precautions were a violation of the District

of Columbia's Industrial Safety Act, and the regulations of the U.S.

Occupational Safety and Health Administration (OSHA).

20.     Defendant's failure to inform Plaintiff of the risks of toxic chemical

exposure, nor take proper safety precautions were a violation of the OSHA

duty to maintain a safe work environment.

21.     Defendant's failure to inform Plaintiff of the risks of toxic chemical

exposure, and the failure to  take proper safety precautions were a violation

{00198045;v1}

of the OSHA Multi-Employer Doctrine, as a general contractor, who was in a supervisory position with the power to correct safety and health violations.

22.  As a direct and proximate result of Defendant Moriarty's negligence, Plaintiff Johnnie Parker sustained serious injury to his person, including great pain and suffering, both past and future lost wages, both past and future emotional distress, both past and future loss of enjoyment of life, both past and future medical expenses, as well as permanent injury to his person, including psychological injuries; and other damages.

23.  The Plaintiff Starrelette Gail Jones-Parker demands damages for loss of consortium as a result of the negligence of the defendant.

## COUNT II
### (Punitive Damages)

24.  Plaintiff incorporates by reference Paragraphs 1 through 22 of this Complaint and further states as follows:

25.  The damages and injuries which Plaintiff suffered are the direct and proximate result of the conduct of Defendant Moriarty, and/or Defendant's negligent conduct by clear and convincing evidence which was so reckless and wanton in nature as to rise to the level of willful disregard for the rights of the plaintiff and that the Defendant's conduct itself was reckless toward the safety of the Plaintiff, who was excavating in the manner instructed by his employer at the time of this incident.

{00198045;v1}

26.    Defendant's behavior was either willful, or so reckless and wanton as to rise to the level of willful disregard for the rights of the Plaintiff and reckless toward the safety of the Plaintiff. because:

    (a)    At the time of Plaintiff's toxic chemical exposure, the location of the jobsite, between 600 and 624 H Street, NE, Washington, DC, was publicly recorded as a known location for leaking, underground storage tanks.

    (b)    At the time of the incident the defendant understood, or should have understood that excavating land which contains a leaking underground storage tank could result in toxic chemical exposure.

    (c)    Despite such knowledge, the defendant failed to communicate this risk to Plaintiff, nor take appropriate safety precautions to ensure the Plaintiff, and other workers on the jobsite, avoided toxic chemical exposure.

    (d)    The plaintiff, in fact, received toxic chemical exposure while excavating the land between 600 and 624 H Street, NE, Washington, DC.

27.    As a direct and proximate result of Defendant Moriarty's conduct as aforesaid, Plaintiff has suffered permanent, severe, and continuing physical and emotional injuries.

28.    As a further direct and proximate result of Defendant Moriarty's wrongful actions as described above, the plaintiff was caused to sustain serious and

permanent physical injuries; has suffered and will continue to suffer great pain of body and mind; has incurred and will incur in the future hospital, doctor, and other related bills in an effort to be cured of such injuries; has incurred financial losses as a result of Defendant's injury to him; and has been and will continue to be restricted in the conduct of his personal activities.

WHEREFORE, Plaintiffs demands judgment against Defendant Moriarty, in the full and just amount of ten million dollars ($10,000,000) plus costs and interest.

WHEREFORE, the Plaintiff demands judgment for PUNITIVE DAMAGES against the Defendant in the full and just amount $10,000,000, plus interest and costs.

Respectfully submitted,

William P. Lightfoot #313593
Paulette E. Chapman #416437
Kelly J. Fisher #488431
Koonz, McKenney, Johnson,
  DePaolis & Lightfoot, LLP
2001 Pennsylvania Avenue, N.W., Suite 450
Washington, D.C.  20006

## JURY DEMAND

Plaintiff demands a jury trial as to all issues alleged herein.

William P. Lightfoot

{00198045;v1}