UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNIE PARKER, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOHN MORIARTY & ASSOCIATES,<br><br>    Defendant/Third Party Plaintiff,<br><br>    v.<br><br>STRITTMATTER METRO, LLC,<br><br>    Third Party Defendant/Fourth Party Plaintiff,<br><br>    v.<br><br>ENVIRONMENTAL CONSULTANTS AND CONTRACTORS, INC.,<br><br>    Fourth Party Defendant.[1] | Civil Action No. 15-1506 (CKK) |

**MEMORANDUM OPINION**
(December 2, 2016)

Plaintiffs Johnnie Parker ("Plaintiff Parker") and Starrelette Gail Jones-Parker ("Plaintiff Jones-Parker") bring this action against Defendant/Third Party Plaintiff John Moriarty & Associates of Virginia LLC ("JMAV"). Plaintiffs allege that JMAV, as general contractor of a construction project, was negligent resulting in serious injury to Plaintiff Parker, a construction worker on the project site. Defendant JMAV subsequently filed a Third Party Complaint against

---

[1] A Motion to Dismiss the Fourth Party Complaint against Environmental Consultants and Contractors, Inc., currently is pending before the Court.

1

Third Party Defendant Strittmatter Metro, LLC ("Strittmatter"), and Strittmatter, in turn, filed a Fourth Party Complaint against Fourth Party Defendant Environmental Consultants and Contractors, Inc. ("ECC"). Presently before the Court is the [46] Motion to Intervene filed by Deborah Khalil-Ambrozou ("Movant"), Plaintiff Parker's mother, which is opposed by Plaintiffs, and Movant's [61] Motion to Retain Right of Party to Intervene, which the Court shall treat as a reply to Movant's original motion.[2]  Upon consideration of the parties' submissions,[3] the applicable authorities, and the record as a whole, the Court shall DENY Movant's [46] Motion to Intervene and shall DENY Movant's [61] Motion to Retain Right of Party to Intervene.

## I. BACKGROUND

For purposes of resolving the motion to intervene presently before the Court, the well-pleaded allegations in the Complaint are assumed to be true. *Secs. & Exch. Comm'n v. Prudential Secs. Inc.*, 136 F.3d 153, 156 n.4 (D.C. Cir. 1998) (citing *Williams & Humbert Ltd. v. W. & H. Trade Marks (Jersey) Ltd.*, 840 F.2d 72, 75 (D.C. Cir. 1988)). Additionally, where appropriate, the Court shall refer to the non-conclusory allegations and record evidence offered by the Putative Intervenor in support of her motion to intervene. *See Foster v. Gueory*, 655 F.2d 1319, 1324 (D.C. Cir. 1981) ("[M]otions to intervene are usually evaluated on the basis of well pleaded matters in the motion, the complaint, and any responses of opponents to intervention."); *Sw. Ctr. for*

---

[2] Defendant/Third Party Plaintiff JMAV filed a Response indicating that it takes no position as to the pending Motion. Def. & Third Party Pl.'s Resp. to Mot. to Intervene, ECF No. [51]. Third Party Defendant/Fourth Party Plaintiff Strittmatter filed no response to the pending motion by the Court-ordered deadline. *See* Minute Order (Jun. 10, 2016).

[3] While the Court bases its decision on the record as a whole, its consideration has focused on the following documents: Pls.' Compl., ECF No. [1]; Movant's Mot. to Intervene ("Movant's Mot."), ECF No. [46]; Movant's Addendum to Mot. to Intervene ("Movant's Addendum"), ECF No. [50]; Pls.' Opp'n to Mot. to Intervene ("Pls.' Opp'n"), ECF No. [47]; Movant's Mot. to Retain Right of Party to Intervene ("Movant's Mot. to Retain Right of Party"), ECF No. [61]. The motion is fully briefed and ripe for adjudication. In an exercise of its discretion, the Court finds that holding oral argument would not be of assistance in rendering its decision. *See* LCvR 7(f).

*Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001) ("Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections."). The Court recites the principal facts pertaining to the issues raised in the pending motion, reserving further presentation of the facts for the discussion of the individual issues below.

This action arises out of the construction work completed on the Apollo H Street project ("the project"), located at 600 and 624 H Streets, NE, Washington, D.C.  Compl. ¶ 8.  JMAV was the general contractor hired to perform construction on the project.  *Id.*  Plaintiff Johnnie Parker alleges that on December 18, 2014, he was instructed to excavate between 600 and 624 H Street, NE, as part of his regular duties of employment while employed by Strittmatter.  *Id.* ¶¶ 7, 9.  Mr. Parker further alleges that the Department of Environment for the District of Columbia publicly released information that the area between 601 and 645 H Street, NE, is contaminated by a leaking underground storage tank, and that JMAV knew or should have known about the leaking underground storage tank, which contained toxic chemicals.  *Id.* ¶¶ 10-11.  Mr. Parker asserts that JMAV did not warn him regarding the leaking underground storage tanks, that Strittmatter did not instruct him to wear protective gear, and that Mr. Parker was not wearing any protective gear during the excavation work.  *Id.* ¶¶ 12-14.  Mr. Parker alleges that as a result of this excavation work, he has sustained serious, permanent, and debilitating injuries.  *Id.* ¶ 15.  On September 16, 2015, Mr. Parker and his wife filed the underlying Complaint in the instant action with a claim of negligence by and against JMAV, along with a claim for punitive damages based on JMAV's alleged willful, reckless, and wanton conduct.  *Id.* ¶¶ 16-28.  Movant, Mr. Parker's mother, now seeks to intervene in this action in order to "protect her interest in this case to provide restitution, punitive and other relief . . . for Intentional Personal Injury Tort and other torts."  Movant's Mot.

3

at 2. Movant seeks $2,500,000 and punitive damages or restitution. *Id.* at 10. The Court shall further discuss Movant's claims in its discussion below.

## II. LEGAL STANDARD

Intervention in a civil action, whether as of right or permissive, is governed by Federal Rule of Civil Procedure 24. The standard for intervention as of right is governed by Rule 24(a):

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Unequivocally, the recognized requirements for intervention as of right in this Circuit are: (1) timeliness; (2) a cognizable interest; (3) impairment of that interest; and (4) lack of adequate representation by existing parties. *See Smoke v. Norton*, 252 F.3d 468, 470 (D.C. Cir. 2001); *Williams & Humbert Ltd. v. W.&H. Trademarks Ltd.*, 840 F.2d 72, 74 (D.C. Cir. 1988); *see also Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986). On the issue of lack of adequate representation by the existing parties, the movant need only "sho[w] that representation of his interest 'may be' inadequate." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). A party seeking leave to intervene as of right pursuant to Rule 24(a) must further demonstrate that it has both constitutional and prudential standing to participate as a party in the case. *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998) ("Thus, a party that seeks to intervene as of right must demonstrate that it has standing to participate in the action.").

Alternatively, Rule 24(b) authorizes permissive intervention for anyone who files a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising its discretion to permit intervention, "the court

must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

### III. DISCUSSION

Movant seeks to intervene as of right in this action pursuant to Rule 24(a) and, alternatively, seeks permissive intervention pursuant to Rule 24(b). For the reasons described below, the Court finds that Movant has not established either Article III or prudential standing and, as such, this Court is required to deny her request to intervene as of right. Moreover, the Court shall deny Movant's request for permissive intervention because Movant's claims do not share a common question of law or fact with any of the claims or defenses in this main action before the Court and because permitting intervention would cause undue delay.

The Court must first start its analysis with a discussion of standing because it implicates this Court's jurisdiction to consider the merits of Movant's claims. *See Deutsche Bank Nat'l Trust Co. v. FDIC*, 717 F.3d 189, 191 (D.C. Cir. 2013). Movant is required to show that she has both Article III and prudential standing in order to intervene in this case as of right pursuant to Rule 24(a). *Id.* at 193-95. In order "[t]o establish standing under Article III, a prospective intervenor—like any party—must show: (1) injury-in-fact, (2) causation, and (3) redressability." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 732-33 (D.C. Cir. 2003) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "Injury in fact is the 'invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical.'" *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015) (quoting *Lujan*, 504 U.S. at 560) (alterations in original). "The 'causal connection between the injury and the conduct complained of' must be 'fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.'" *Id.* (quoting *Lujan*, 504

5

U.S. at 561). Finally, "it must be 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Id.* (quoting *Lujan*, 504 U.S. at 561).

The Court first considers the nature of the injury asserted by Movant and the causal connection between Movant's asserted injury and the conduct at issue in this matter. The instant action involves claims for negligence and punitive damages that arise out of an alleged injury that Plaintiff Parker incurred while working for a subcontractor on a construction site in Washington, D.C., on December 18, 2014. Movant's claims arise out of an alleged physical altercation between Movant and Plaintiff Parker that occurred on April 16, 2016, at her home in Maryland where Plaintiffs also were residing at the time, and an incident that occurred on June 13, 2016, after Movant filed the instant motion, when Movant allegedly was subjected to a mental and physical evaluation pursuant to a court order sought and obtained by Plaintiff Parker in Maryland state court. As a result of these incidents, Movant alleges that she suffered physical, emotional, and mental pain and suffering and seeks to recover for medical expenses, lost income, and other losses. Movant's Mot. at 8-10; Movant's Addendum at 2-3.[4]

Even if the Court accepts that Movant has establishing injury-in-fact for the purposes of standing, both of the incidents cited in Movant's pending motion are unrelated to Plaintiffs' negligence claims arising out of the injuries he allegedly sustained while working as a construction worker. Movant now seeks to intervene in this matter "in order to protect her interest in this case to provide restitution, putative and other relief deemed just by . . . [this Court] for [her] Intentional Personal Injury Torts and other torts." Movant's Mot. at 2. Here, there is no causal connection between Movant's asserted injury arising out of the altercation at her house and the court-ordered

---

[4] When citing to Movant's Motion to Intervene and Movant's Addendum thereto, the Court shall cite to the page numbers automatically generated by ECF.

evaluation in 2016, and Plaintiff Parker's claims arising out of an alleged injury that he incurred while working as subcontractor on a construction site in 2014. As such, Movant has failed to establish Article III standing.

The Court next considers whether Movant has demonstrated prudential standing such that she may intervene. *See Deutsche Bank Nat'l Trust Co.*, 717 F.3d at 194 n.4 ("Federal courts may consider third-party prudential standing even before Article III standing . . . ."). "[P]rudential standing requirements . . . could be thought similar to the concept embodied in Rule 24 that a proposed intervenor must have an interest 'relating to' the property or transaction at issue in the litigation." *Id.* at 194. "Th[e] test for a legally protected interest is 'primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.'" *United States v. Morten*, 730 F. Supp. 2d 11, 16 (D.D.C. 2010) (quoting *Seminole Nation of Okla. v. Norton*, 206 F.R.D. 1, 8 (D.D.C. 2001)).

As discussed above, Movant has failed to assert an interest relating to the transaction at issue in this litigation, namely the alleged negligence on the part of Defendant JMAV that Plaintiffs claim resulted in Plaintiff Parker's injuries sustained while working on the H Street construction project. At most, Movant appears to assert that she has a claim in any amount recovered by Plaintiffs in this action and has included invoices that detail charges for services such as consulting, transportation, rent, utilities, insurance, and storage, that Movant claims she provided to Plaintiffs. *See* Movant's Mot. at 34-37. However, Movant's interest in ensuring that she is able to recover for her purported damages arising out of the unrelated incidents that occurred in 2016 is insufficient to establish prudential standing. *See, e.g.*, *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007) (finding that a putative intervenor did not have a cognizable interest when the asserted interest was an economic interest in the outcome of the

litigation to potentially satisfy an unrelated, future state court judgment); *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (same).  Accordingly, Movant also has failed to establish prudential standing to advance her claims as an intervenor as of right.

Movant also appears to seek permissive intervention in this matter pursuant to Rule 24(b).  The Court shall address this request as "'[i]t remains . . . an open question in this circuit whether Article III standing is required for permissive intervention.'"  *Defs. of Wildlife & Sierra Club v. Perciasepe*, 714 F.3d 1317, 1327 (D.C. Cir. 2013) (quoting *Safari Club Int'l v. Salazar*, 704 F.3d 972, 980 (D.C. Cir. 2013)).  The Court may grant permissive intervention to a party who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  Here, Movant raises claims arising out of two incidents involving only Plaintiffs and Movant in 2016 that are wholly unrelated to Plaintiffs' negligence claim against JMAV.  As such, the Court cannot conclude that Movant's claims share a common question of law or fact with the claims of the other parties in this matter.  Moreover, the Court finds that permitting Movant to intervene would unduly delay the adjudication of Plaintiffs' claims because it would require discovery into matters completely unrelated to Plaintiffs' negligence claim.  As such, the Court shall deny Movant's request for permissive intervention pursuant to Rule 24(b).  Accordingly, the Court shall deny Movant's request to intervene as of right and for permissive intervention.

Finally, Plaintiffs argue that this Court does not have jurisdiction to resolve Movant's claims because the Court does not have supplemental jurisdiction over the claims.  This Court has jurisdiction over this matter because of diversity of citizenship and because the amount in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332(a)(3).  Movant appears to seek recovery exclusively from Plaintiffs and, as such, seeks to enter this case as a plaintiff.  Pursuant to 28 U.S.C. § 1367(b), this Court does not have supplemental jurisdiction over claims by persons

seeking to intervene as plaintiffs under Rule 24, "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." *See also Karsner v. Lothian*, 532 F.3d 876, 884 (D.C. Cir. 2008) ("Section 1367(b) . . . ousts the district court of supplemental jurisdiction over parties 'seeking to intervene as *plaintiffs* under Rule 24 . . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.'"). Here, both Plaintiffs and Movant are citizens of the Maryland and, as such, permitting Movant to join in the instant action as a plaintiff would destroy diversity, part of the basis for this Court's jurisdiction over the original claims. *See CostCommand, LLC v. WH Administrators, Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016) ("Citizenship is measured as of the time the plaintiff files the complaint."). Moreover, this Court only has supplemental jurisdiction over claims arising out of the same case or controversy. As discussed above, Movant's claims do not arise out of the same case or controversy as the Movant seeks to have the Court assess Plaintiff Parker's liability for tort claims that are based on incidents unrelated to those underlying Plaintiffs' original claims. For these reasons, the Court concludes that it does not have supplemental jurisdiction over Movant's claims.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Movant Deborah Khalil-Ambrozou's [46] Motion to Intervene and DENIES Movant's [61] Motion to Retain Right of Party to Intervene, which the Court treats as a reply brief to Movant's earlier motion. Specifically, the Court finds that Movant failed to demonstrate Article III and prudential standing as required to intervene as of right in this matter. Moreover, the Court finds that Movant has not asserted a claim that shares a common question of law or fact such that permissive intervention is warranted and permitting intervention would cause undue delay.

9

An appropriate Order accompanies this Memorandum Opinion.

                                                                                                    /s/_____
                                                                 COLLEEN KOLLAR-KOTELLY
                                                                 United States District Judge