## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHNNIE PARKER, *et al.*,

      Plaintiffs,

    v.

JOHN MORIARTY & ASSOCIATES,

      Defendant/Third Party Plaintiff,

    v.

STRITTMATTER METRO, LLC,

      Third Party Defendant/Fourth Party
      Plaintiff,

    v.

ENVIRONMENTAL CONSULTANTS AND
CONTRACTORS, INC.,

      Fourth Party Defendant.

Civil Action No. 15-1506 (CKK)

## MEMORANDUM OPINION AND ORDER
(February 16, 2017)

On September 16, 2015, Plaintiffs Johnnie Parker and Starrelette Gail Jones-Parker brought this action against Defendant/Third Party Plaintiff John Moriarty & Associates of Virginia LLC ("JMAV"). Plaintiffs alleged that JMAV, as general contractor of a construction project, was negligent resulting in serious injury to Plaintiff Johnnie Parker, a construction worker on the project site. Defendant JMAV subsequently filed a Third Party Complaint against Third Party Defendant Strittmatter Metro, LLC ("Strittmatter"), and Strittmatter, in turn, filed a Fourth Party Complaint against Fourth Party Defendant Environmental Consultants and Contractors, Inc.

("ECC").  Presently before the Court is Plaintiffs' [73] Motion for Leave to Amend Complaint to Add ECC as a Defendant.  Upon consideration of the parties' submissions,[1] the applicable authorities, and the record as a whole, the Court shall GRANT Plaintiffs' [73] Motion for Leave to Amend Complaint to Add ECC as a Defendant for the reasons stated herein.

## I. BACKGROUND

This action arises out of the construction work completed on the Apollo H Street project ("the project"), located at 600 and 624 H Streets, NE, Washington, D.C.  Compl. ¶¶ 6, 8, ECF No. [1].  Fourth Party Defendant ECC contracted with the Owner of the project to provide professional environmental services to the project.  4th Party Compl. ¶ 5, ECF No. [38].  Defendant/Third Party Plaintiff JMAV was the general contractor on the project.  Compl. ¶ 8.  Third Party Defendant/Fourth Party Plaintiff Strittmatter was hired by JMAV as a subcontractor to perform excavation and backfill work on the project.  3d Party Compl. ¶¶ 7, 8, ECF No. [10].  Plaintiff Johnnie Parker worked on the project as an employee of Strittmatter and alleges that on December 18, 2014, he was instructed to excavate between 600 and 624 H Street, NE, as part of his regular duties of employment.  Compl. ¶¶ 7-9.  Mr. Parker further alleges that he was injured while performing this work because he was exposed to toxic chemicals from leaking underground storage tanks.  *Id.* ¶¶ 10-15.

On September 16, 2015, Mr. Parker and his wife, Plaintiff Starrelette Gail Jones-Parker, filed the underlying Complaint in the instant action with a claim of negligence by and against

---

[1] While the Court bases its decision on the record as a whole, its consideration has focused on the following documents: Pls.' Mot. for Lv. to Amend Compl. to Add ECC as Def. ("Pls.' Mot."), ECF No. [73]; ECC's Opp'n to Pls.' Mot. to Amend ("ECC's Opp'n"), ECF No. [80]; Pls.' Reply to ECC Opp'n to Pls.' Mot. for Lv. to Amend the Compl. to Add ECC as Def. ("Pls.' Reply"), ECF No. [82].  This motion is fully briefed and ripe for adjudication. In an exercise of its discretion, the Court finds that holding oral argument would not be of assistance in rendering its decision. *See* LCvR 7(f).

JMAV, along with a claim for punitive damages based on JMAV's alleged willful, reckless, and wanton conduct. *See generally id.* On November 9, 2015, JMAV filed a Third Party Complaint against Strittmatter alleging claims of contractual indemnification and breach of contact. *See generally* 3d Party Compl. JMAV moved the Court for summary judgment on its contractual indemnification claim against Strittmatter based on Subcontract Agreement which the Court denied by written Order and Memorandum Opinion on May 23, 2016. *See* Order (May 23, 2016), ECF No. [42]; Mem. Op. (May 23, 2016), ECF No. [43]. On May 12, 2016, Strittmatter filed a Fourth Party Complaint against ECC alleging claims of negligence, indemnity and/or contribution as a joint tortfeasor, breach of contract to a third party beneficiary, and negligent misrepresentation. *See generally* 4th Party Compl. ECC moved to dismiss the Fourth Party Complaint on the grounds that Strittmatter failed to state claims in contract and in tort upon which relief could be granted. The Court denied ECC's motion by written Order and Memorandum Opinion on December 14, 2016. *See* Order (Dec. 14, 2016), ECF No. [64]; Mem. Op. (Dec. 14, 2016), ECF No. [65]. Plaintiffs now seek to amend their complaint to assert a negligence claim against ECC. For the reasons described herein, the Court shall grant Plaintiffs' request.

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a party may amend its pleadings once as a matter of course within twenty-one days after service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Where, as here, a party seeks to amend its pleadings outside that time period, it may do so only with the opposing party's written consent or the district court's leave. Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave to amend a complaint is within the discretion of the district court, but leave should be freely given unless there is a good

reason to the contrary. *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996).

"When evaluating whether to grant leave to amend, the Court must consider (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint." *Howell v. Gray*, 843 F. Supp. 2d 49, 54 (D.D.C. 2012) (citing *Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). With respect to an amendment causing undue delay, "[c]ourts generally consider the relation of the proposed amended complaint to the original complaint, favoring proposed complaints that do not 'radically alter the scope and nature of the case.'" *Smith v. Cafe Asia*, 598 F. Supp. 2d 45, 48 (D.D.C. 2009) (citation omitted). With respect to an amendment being futile, "a district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss." *In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010). Because leave to amend should be liberally granted, the party opposing amendment bears the burden of coming forward with a colorable basis for denying leave to amend. *Abdullah v. Washington*, 530 F. Supp. 2d 112, 115 (D.D.C. 2008).

### III. DISCUSSION

Plaintiffs seek leave from the Court to file an amended complaint that adds Fourth Party Defendant ECC as a Defendant to Plaintiffs' claims. Plaintiffs provided a copy of their proposed amended complaint alongside their pending motion which includes a negligence claim against ECC. Pls.' Mot., Ex. 1 ("Proposed Amend. Compl."), ECF No. [73-1]. Specifically, Plaintiffs allege in the proposed amended complaint that ECC owed a duty to Plaintiff Johnnie Parker to act with reasonable care, including a duty to maintain the overall safety of the jobsite, exercise reasonable caution to avoid injury to persons on the premises, perform regular site inspections to

ensure safety of the site and workers, and indicate or warn workers of the presence of foreseeable dangers. *Id.* ¶ 41.  Plaintiffs assert that ECC breached these duties by failing to inform Plaintiff Parker of the risks of toxic chemical exposure, failing to constantly monitor the air quality, and failing to take proper safety precautions in violation of the District of Columbia's Industrial Safety Act and its Occupational Safety and Health Administration ("OSHA") duties.  *Id.* ¶¶ 42-43.  Plaintiffs allege that Plaintiff Parker's injuries were the direct and proximate result of ECC's negligence. *Id.* ¶ 45.  For the reasons described herein, the Court shall grant Plaintiffs' request for permission to file its amended complaint.

As an initial matter, ECC argues that the Court should deny Plaintiffs' request on the grounds that they were inexcusably dilatory in seeking to amend and, accordingly, cannot show good cause to modify the Court's Scheduling Order as required pursuant to Federal Rule of Civil Procedure 16(b)(4).  However, as Plaintiffs point out, Plaintiffs are not asking the Court to modify its Scheduling Order at this time.  Indeed, the Court entered a Scheduling and Procedures Order on January 13, 2016, following the Initial Scheduling Conference held in this matter.  Scheduling & Procedures Order (Jan. 13, 2016), ECF No. [22].  However, the Court held a further Initial Scheduling Conference after the Court resolved ECC's motion to dismiss the Fourth Party Complaint and in light of the fact that the Court held discovery in abeyance pending the resolution of that motion.  At that further Initial Scheduling Conference held on January 18, 2017, the Court inquired why Plaintiffs were seeking to amend their complaint to add ECC as a defendant at this juncture.[2]  Plaintiffs' counsel represented that they initially believed that ECC had very limited

_____

[2] In between the Initial Scheduling Conference held on January 13, 2016, and the further Initial Scheduling Conference held on January 18, 2017, the matter was referred to mediation before Magistrate Judge Alan Kay, and the Court resolved: JMAV's [28] Motion for Summary Judgment on Count I of its Third Party Complaint; Strittmatter's [54] Motion *Nunc Pro Tunc* for Leave to File Its Fourth-Party Complaint Against ECC; ECC's [48] Motion to Dismiss the Fourth-

liability based on the limited discovery that had been completed prior to discovery being held in abeyance in June 2016.  Without further discovery, Plaintiffs represented that they thought seeking to add ECC as a defendant would be disruptive, inefficient, and ineffective.  However, after the Court resolved ECC's motion to dismiss the Fourth Party Complaint brought by Strittmatter, Plaintiffs determined it would be prudent to seek to amend their complaint to add ECC as a defendant prior to completing additional discovery in light of the Court's ruling.  Based on the representations made on the record at that hearing, the Court found good cause existed to modify the scheduling order to extend the deadline for amending pleadings and issued an order memorializing this decision.  On January 18, 2017, the Court issued a second Scheduling and Procedures Order, which provided that the parties may amend pleadings by February 15, 2017.  Scheduling & Procedures Order (Jan. 18, 2017) at 6, ECF No. [74].  The instant motion was timely-filed on January 17, 2017, prior to the further Initial Scheduling Conference. As such, the Court shall analyze Plaintiffs' request pursuant to Federal Rule of Civil Procedure 15, rather than pursuant to Rule 16.

Here, ECC has not alleged prejudice, futility, or bad faith. Plaintiffs have not previously amended the complaint.  As such, ECC's sole argument is that the request should be denied because Plaintiffs acted with undue delay.  Indeed, ECC provides the following timeline in support of its assertion that there was an undue delay in Plaintiffs raising their claim against ECC.  On January 6, 2016, Plaintiffs acknowledged in a Joint Meet and Confer Statement that ECC was "hired to maintain a safe work site," but further indicated that Plaintiffs did not intend to name

---

Party Complaint; and Deborah Khalil-Ambrozou's [46] Motion to Intervene, [61] Motion to Retain Right of Party to Intervene, and [68] Motion to Reverse 62 Order Denying Ms. Khalil-Ambrozou's 46 Motion to Intervene and Ms. Khalil-Ambrozou's 61 Motion to Retain Right of Party to Intervene and Redress.

ECC as a defendant.  Jt. Meet & Confer Stmt. at 4, ECF No. [21].  In the same report, JMAV indicated that JMAV or Strittmatter might attempt to bring an indemnification claim against the environmental consultant.  *Id.* at 5.  ECC further notes that, in response to their requests for admissions, Plaintiffs were informed that JMAV relied on ECC for air quality testing and that this information was provided to Plaintiffs in June 2016.  ECC's Opp'n at 4 n.1.  ECC also asserts that while its motion to dismiss the Fourth Party Complaint was pending, Plaintiffs represented that it was their position that the Court should grant ECC's motion to dismiss.  *Id.* at 3.  As such, ECC argues that Plaintiffs have not acted expeditiously and their motion to amend should be denied as a result.

Plaintiffs argue that they acted with due diligence in seeking to amend their complaint shortly after the Court denied ECC's request to dismiss the Fourth Party Complaint brought against them by Strittmatter.  Plaintiffs argue that the allegations in their proposed amended complaint are "substantially similar" to those alleged by Strittmatter against ECC and, accordingly, Plaintiffs "reasonably anticipated" that if the Court dismissed Strittmatter's complaint, then it would likely dismiss Plaintiffs' claim against ECC.  Pls.' Reply at 6.  As such, Plaintiffs assert that they waited to seek leave to file an amended complaint until the Court ruled on Strittmatter's motion for leave to file a Fourth Party Complaint and ECC's motion to dismiss, in order to "promote judicial economy, avoid unnecessary filings, and preserve resources."  *Id.* at 6-7.  Plaintiffs further point out that they filed their motion within the time frame to amend pleadings as set by the Court in its most recent Scheduling and Procedures Order.

After considering the parties' arguments, the Court concludes that ECC has not met its burden of showing a colorable basis for denying leave to amend the complaint.  Here, Plaintiffs sought to add ECC as a defendant 34 days after the Court denied ECC's request to dismiss the

Fourth Party Complaint which added ECC as a Fourth Party Defendant in this action.  ECC has

not argued that it is prejudice by permitting Plaintiffs to add ECC as a defendant and the Court

finds that this factor does not preclude allowing Plaintiffs to amend, particularly in light of the fact

that ECC already is a party in this case and is required to engage in discovery.  ECC has not argued

that permitting Plaintiffs to amend the complaint would be futile and a cursory review of Plaintiffs'

proposed amendment does not support the conclusion that the amendment is futile.  ECC has not

alleged the Plaintiffs acted in bad faith nor is there any information in the record to support such

an assertion.  Plaintiffs have not previously amended their complaint.  Accordingly, in an exercise

of its discretion, the Court shall grant Plaintiffs request for leave to file their proposed amended

complaint pursuant to Rule 15(a)(2).  In reaching this conclusion, the Court notes that while it has

concluded that ECC has not met its burden of demonstrating a colorable basis for denying leave

to amend, the Court expresses no other opinion on the validity of Plaintiffs' claim against ECC.

## IV. CONCLUSION

For the foregoing reasons, it is this 16th day of February, 2017, hereby

**ORDERED** that Plaintiffs' [73] Motion for Leave to Amend Complaint to Add ECC as a

Defendant is GRANTED; and it is further

**ORDERED** that the proposed Amended Complaint, ECF No. [73-1], attached as an exhibit

to Plaintiffs' [73] Motion for Leave to Amend Complaint to Add ECC as a Defendant, shall be

deemed filed; and it is further

**ORDERED** that Defendant ECC shall respond to the Amended Complaint by no later than

**March 3, 2017**.  To the extent that ECC files a motion to dismiss as its responsive pleading,

Plaintiffs shall file their opposition to the motion to dismiss by no later than **March 17, 2017**,[3] and

ECC shall file its reply, if any, by no later than **March 24, 2017**; and it is further

      **ORDERED** that discovery is not stayed and the parties are to proceed with discovery.


                                                          /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge

---

[3] To the extent that ECC files a motion to dismiss, other parties may, but are not required to, file a response to ECC's motion by March 17, 2017.