UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHNNIE PARKER, *et al.*,

    Plaintiffs,

  v.

JOHN MORIARTY & ASSOCIATES,

    Defendant/Third Party Plaintiff,

  v.

STRITTMATTER METRO, LLC,

    Third Party Defendant/Fourth Party Plaintiff,

  v.

ENVIRONMENTAL CONSULTANTS AND CONTRACTORS, INC.,

    Defendant/Fourth Party Defendant.

Civil Action No. 15-1506 (CKK)

**MEMORANDUM OPINION AND ORDER**
(April 6, 2017)

On September 16, 2015, Plaintiffs Johnnie Parker and Starrelette Gail Jones-Parker brought this action against Defendant/Third Party Plaintiff John Moriarty & Associates of Virginia LLC ("JMAV"). Plaintiffs alleged that JMAV, as general contractor of a construction project, was negligent resulting in serious injury to Plaintiff Johnnie Parker, a construction worker on the project site. Defendant JMAV subsequently filed a Third Party Complaint against Third Party Defendant Strittmatter Metro, LLC ("Strittmatter"), and Strittmatter, in turn, filed a Fourth Party

1

Complaint against Fourth Party Defendant Environmental Consultants and Contractors, Inc. ("ECC"). Plaintiffs then amended their Complaint to add ECC as a Defendant.

Presently before the Court is ECC's [84] *Motion to Amend its Answer to Assert a Counterclaim against Fourth Party Plaintiff Strittmatter and Cross-Claim against Defendant JMAV*, and JMAV's [85] *Motion for Leave to File an Amended Third Party Complaint against Strittmatter Metro, LLC*. Upon consideration of the parties' submissions,[1] the applicable authorities, and the record as a whole, the Court shall GRANT both motions for the reasons stated herein.

## I. BACKGROUND

This case arises out of the construction work completed on the Apollo H Street project ("the project"), located at 600 and 624 H Streets, NE, Washington, D.C. Amend. Compl. ¶ 13, ECF No. [87]. Defendant/Fourth Party Defendant ECC contracted with the Owner of the project to provide professional environmental services to the project. 4th Party Compl. ¶ 5, ECF No. [38]. Defendant/Third Party Plaintiff JMAV was the general contractor on the project. Amend. Compl. ¶ 3. Third Party Defendant/Fourth Party Plaintiff Strittmatter was hired by JMAV as a

---

[1] While the Court bases its decision on the record as a whole, its consideration has focused on the following documents: ECC's Mot. to Amend Answer to Assert Counterclaim Against 4th Party Pl. Strittmatter & Cross-Claim Against Def. JMAV ("ECC's Mot."), ECF No. [84]; JMAV's Resp. to ECC's Mot. to Amend ("JMAV's Resp."), ECF No. [88]; Strittmatter's Mem. of P&A in Opp'n to ECC's Mot. for Lv. to File Amend. Answer to 4th Party Compl. & Assert Counterclaim Against 3d Party Def./4th Party Pl. Strittmatter ("Strittmatter's Opp'n to ECC's Mot."), ECF No. [90]; ECC's Reply in Supp. of Mot. to Amend Answer to Assert a Counterclaim Against 4th Party Pl. Strittmatter Metro LLC & Cross-Claim Against Def. JMAV ("ECC's Reply"), ECF No. [94]; Pls.' Resp. to ECC's Mot. to Amend ("Pls.' Resp."), ECF No. [96]; JMAV's Mot. for Lv. to File Amend. 3d Party Compl. Against Strittmatter ("JMAV's Mot."), ECF No. [85]; Strittmatter's Mem. of P&A in Opp'n to JMAV's Mot. for Lv. to File Amend. 3d Party Compl. Against 3d Party Def./4th Party Pl. Strittmatter ("Strittmatter's Opp'n to JMAV's Mot."), ECF No. [89]; JMAV's Reply in Supp. of Its Mot. to Amend. 3d Party Compl. ("JMAV's Reply"), ECF No. [95]. These motions are fully briefed and ripe for adjudication. In an exercise of its discretion, the Court finds that holding oral argument would not be of assistance in rendering its decision. *See* LCvR 7(f).

subcontractor to perform excavation and backfill work on the project.  3d Party Compl. ¶¶ 7, 8, ECF No. [10].  Plaintiff Johnnie Parker worked on the project as an employee of Strittmatter and alleges that on December 18, 2014, he was instructed to excavate between 600 and 624 H Street, NE, as part of his regular duties of employment.  Amend. Compl. ¶¶ 12, 22.  Mr. Parker further alleges that he was injured while performing this work because he was exposed to toxic chemicals from leaking underground storage tanks.  *Id.* ¶¶ 22-25, 31.

On September 16, 2015, Mr. Parker and his wife, Plaintiff Starrelette Gail Jones-Parker, filed the underlying Complaint in the instant action with a claim of negligence by and against JMAV, along with a claim for punitive damages based on JMAV's alleged willful, reckless, and wanton conduct.  *See generally* Compl., ECF No. [1].  On November 6, 2015, JMAV filed a Third Party Complaint against Strittmatter alleging claims of contractual indemnification and breach of contract.  *See generally* 3d Party Compl.  JMAV moved the Court for summary judgment on its contractual indemnification claim against Strittmatter based on Subcontract Agreement which the Court denied by written Order and Memorandum Opinion on May 23, 2016.  *See* Order (May 23, 2016), ECF No. [42]; Mem. Op. (May 23, 2016), ECF No. [43].  On May 12, 2016, Strittmatter filed a Fourth Party Complaint against ECC alleging claims of negligence, indemnity and/or contribution as a joint tortfeasor, breach of contract to a third party beneficiary, and negligent misrepresentation.  *See generally* 4th Party Compl.  ECC moved to dismiss the Fourth Party Complaint on the grounds that Strittmatter failed to state claims in contract and in tort upon which relief could be granted.  The Court denied ECC's motion by written Order and Memorandum Opinion on December 14, 2016.  *See* Order (Dec. 14, 2016), ECF No. [64]; Mem. Op. (Dec. 14, 2016), ECF No. [65].  On January 17, 2017, Plaintiffs filed a motion seeking leave to amend their complaint to assert a negligence claim against ECC, which the Court granted by written

3

Memorandum Opinion and Order on February 16, 2017. *See* Mem. Op. & Order (Feb. 16, 2017), ECF No. [86]; Amend. Compl., ECF No. [87].

ECC now seeks leave from the Court to amend its Answer to assert a counterclaims against Strittmatter and cross-claims against JMAV. Specifically, ECC seeks to add claims against Strittmatter and JMAV based on negligence (Count 1), negligent misrepresentation (Count 2), and indemnity and contribution (Count 3). ECC's Mot., Ex. 1, ECF No. [84-1] ("ECC's Proposed Answer"). JMAV seeks leave to amend its Answer to add a Common Law Indemnity claim (Count 3). JMAV's Mot., Ex. 1, ECF No. [85-2] ("JMAV's Proposed Amend. 3d Party Compl."). For the reasons described herein, the Court shall GRANT ECC's and JMAV's requests.

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a party may amend its pleadings once as a matter of course within twenty-one days after service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Where, as here, a party seeks to amend its pleadings outside that time period, it may do so only with the opposing party's written consent or the district court's leave. Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave to amend a complaint is within the discretion of the district court, but leave should be freely given unless there is a good reason to the contrary. *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996).

"When evaluating whether to grant leave to amend, the Court must consider (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint." *Howell v. Gray*, 843 F. Supp. 2d 49, 54 (D.D.C. 2012) (citing *Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). With respect to an amendment causing undue

delay, "[c]ourts generally consider the relation of the proposed amended complaint to the original complaint, favoring proposed complaints that do not 'radically alter the scope and nature of the case.'" *Smith v. Cafe Asia*, 598 F. Supp. 2d 45, 48 (D.D.C. 2009) (citation omitted). With respect to an amendment being futile, "a district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss." *In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010). Because leave to amend should be liberally granted, the party opposing amendment bears the burden of coming forward with a colorable basis for denying leave to amend. *Abdullah v. Washington*, 530 F. Supp. 2d 112, 115 (D.D.C. 2008).

### III. DISCUSSION

#### A. *ECC's Motion to Amend its Answer to Assert a Counterclaim against Fourth Party Plaintiff Strittmatter and Cross-Claim against Defendant JMAV*

Defendant/Fourth Party Defendant ECC seeks leaves to amend its answer to add counterclaims against Third Party Defendant/Fourth Party Plaintiff Strittmatter and cross-claims against Defendant/Third Party Plaintiff JMAV based on negligence (Count 1), negligent misrepresentation (Count 2), and indemnity and contribution (Count 3). JMAV takes no position on the pending motion. JMAV's Resp. at 1. Strittmatter opposes the motion on the grounds that ECC cannot prevail on any of its three counterclaims against Strittmatter and, as such, the request to amend is futile. Strittmatter's Opp'n to ECC's Mot. at 2. For the reasons described herein, the Court shall grant ECC's request to amend its answer to add claims against both parties.

Here, Strittmatter has not alleged undue delay, prejudice, or bad faith. ECC has not previously amended its answer. Strittmatter argues that ECC's claims are futile because ECC cannot bring a claim against Strittmatter based on a negligence theory related to Plaintiff Parker's alleged injuries. Specifically, Strittmatter contends that as Plaintiff Parker's employer, it is

exclusively liable, if at all, pursuant to the workers' compensation provision of the D.C. Code and, as such, cannot also be liable to ECC for Plaintiff Parker's injuries.

Turning to Strittmatter's futility argument, D.C. Code § 32-1504(a) provides:

> The liability of an employer . . . [under the workers' compensation provision] shall be exclusive and in place of all liability of such employer to the employee, his legal representative, spouse or domestic partner, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law on account of . . . [the employee's] injury or death.

D.C. Code § 32-1504(a).  This exclusivity provision does not prevent an employee, like Plaintiff Parker, from seeking damages for an injury from an alleged third-party tortfeasor, like ECC. *Myco, Inc. v. Super Concrete Co.*, 565 A.2d 293, 297 (D.C. 1989).  However, when a third party seeks indemnity from the employer for having caused the injury for which the employee seeks damages, the exclusivity provision bars recovery in most, but not all situations. *Id.* at 297-300.  Specifically, "in the absence of an express contractual duty to indemnify, a right to indemnity exists where a duty to indemnify may be implied out of the relationship between the parties to prevent a result which is unjust." *Howard University v. Good Food Services, Inc.*, 608 A.2d 116, 123 (D.C. 1992).  Under a theory of implied indemnity,

> a third party who has been sued by an employee may pursue a claim against the employer – who has already settled with the employee under worker's compensation – for implied indemnity, when the indemnity claim rests on an independent duty the employer owes to the third party arising out of a "special relationship" between them, but not a relationship arising merely "on account of" the employee's accident.

*Id.* at 123-24.  In sum, the obligation to indemnify must arise out of a specific duty owed by the employer to the third party that is separate from the injury to the employee. *Id.* at 124.

ECC relies largely on the decision of the District of Columbia Court of Appeals ("D.C. Court of Appeals") in *Howard University v. Good Food Services, Inc.*, 608 A.2d 116 (D.C. 1992), to support its contention that its claims against Strittmatter and JMAV are not futile.  In that case,

6

the D.C. Court of Appeals examined the nature of the relationship between the parties, noting that "the parties . . . had an ongoing and comprehensive contractual relationship involving day-to-day interaction and decision-making." *Id.* at 124.  The D.C. Court of Appeals found that the indemnity claim in that case did rest on independent duties that the employer owed to the third party.  *Id.*  Here, ECC alleges that Strittmatter and JMAV undertook independent duties "to inform ECC and its Environmental Technician on site of the specific location of any excavation before such excavation so that ECC could conduct monitoring as necessary," ECC's Proposed Amend. Answer ¶ 33, and "to inform ECC if either believed the personal protective equipment for workers needed to be adjusted beyond that required by Level D (Upgraded)," *id.* ¶ 34.  ECC further asserts that Strittmatter and JMAV breached those duties.  *Id.* ¶¶ 35, 37-38.

After considering the parties' arguments, the Court concludes that Strittmatter and JMAV have not met their burden of showing a colorable basis for denying leave to amend ECC's answer to add counterclaims against Strittmatter and cross-claims against JMAV.  Here, JMAV does not take a position as to ECC's request to raise cross-claims against it.  Strittmatter does not allege undue delay, prejudice, or bad faith on the part of ECC and, as such, these factors weigh in favor of allowing ECC to amend its answer.  Strittmatter does allege that permitting ECC to add counterclaims against it would be futile.  A review of ECC's proposed amendment and the parties' arguments does not demonstrate that ECC's claims definitively would not survive a motion to dismiss in light of the ECC's argument and based on the briefing before the Court at this time.  Accordingly, the Court shall grant ECC leave to amend its answer to add claims against Strittmatter and JMAV.

### B. *JMAV's Motion for Leave to File an Amended Third Party Complaint against Strittmatter Metro, LLC*

JMAV seeks leave from the Court to amend its third party complaint against Strittmatter to add additional factual allegations and a Common Law Indemnity claim (Count 3). Strittmatter argues that the Court should deny JMAV's request to amend on the basis that the amendment is untimely and futile. For the reasons described herein, the Court shall grant JMAV's request for leave to file its amended complaint against Strittmatter.

As an initial matter, Strittmatter asserts that JMAV late-filed its request to amend. The Court held a further Initial Scheduling Conference after the Court resolved ECC's motion to dismiss the Fourth Party Complaint and in light of the fact that the Court held discovery in abeyance pending the resolution of that motion. After that further Initial Scheduling Conference held on January 18, 2017,[2] the Court issued a second Scheduling and Procedures Order, which provided that the parties may amend pleadings by February 15, 2017. Scheduling & Procedures Order (Jan. 18, 2017) at 6, ECF No. [74]. The instant motion was filed on February 15, 2017. As such, the Court rejects Strittmatter's argument that JMAV's request to amend was untimely.

Here, Strittmatter has not alleged prejudice or bad faith. JMAV has not previously amended its Third Party Complaint. As such, the Court now turns to Strittmatter's futility argument. Strittmatter asserts that if JMAV has any claim for indemnity, it arises out of the subcontract agreement between JMAV and Strittmatter as set forth in Count 1 of both its original complaint and its proposed amended complaint. As such, Strittmatter's argument is that the Court

---

[2] Between the Initial Scheduling Conference held on January 13, 2016, and the further Initial Scheduling Conference held on January 18, 2017, the matter was referred to mediation before Magistrate Judge Alan Kay, and the Court resolved: JMAV's [28] Motion for Summary Judgment on Count I of its Third Party Complaint; Strittmatter's [54] Motion *Nunc Pro Tunc* for Leave to File Its Fourth-Party Complaint Against ECC; ECC's [48] Motion to Dismiss the Fourth-Party Complaint; and Deborah Khalil-Ambrozou's [46] Motion to Intervene, [61] Motion to Retain Right of Party to Intervene, and [68] Motion to Reverse 62 Order Denying Ms. Khalil-Ambrozou's 46 Motion to Intervene and Ms. Khalil-Ambrozou's 61 Motion to Retain Right of Party to Intervene and Redress.

should deny JMAV's leave to amend because there is no basis for JMAV to recover under a common law theory of indemnity and permitting an amendment to add such a claim would be futile.

JMAV asserts that under the terms of the subcontract agreement, it is not precluded from bringing a separate common law indemnity claim against Strittmatter. Moreover, it is JMAV's contention that its proposed amended complaint alleges a special and ongoing relationship between JMAV and Strittmatter that would give rise to a right of indemnity under the common law. *See Howard University*, 608 A.2d at 123-24. JMAV alleges in its proposed amended complaint that it hired Strittmatter pursuant to a written subcontract agreement, the terms of which included that "Strittmatter agreed to assume all of JMAV's responsibilities to the Owner for Excavation and Backfill work." JMAV's Proposed Amend. 3d Party Compl. ¶ 9. JMAV asserts that Strittmatter agreed to "comply with all laws, ordinances, rules, regulations, and orders of any public authority bearing on the performance of Work under this Subcontract," "take all necessary safety precautions with respect to . . . [its] Work," and "comply with all safety measures initiated by [JMAV] and with all applicable laws, ordinances, rules, regulations and orders of any public authority for the safety of persons or property in accordance with the requirements of the Contract Documents." *Id.* ¶ 11.

JMAV also points to several allegations in its proposed amended complaint that it asserts support the position that the relationship between JMAV and Strittmatter was ongoing, including that JMAV coordinated multiple meetings between JMAV, Strittmatter, ECC, and another party to discuss excavation of contaminated soil, and that JMAV provided Strittmatter with reports compiled by ECC and other information regarding the existence, handling, and excavation of contaminated soil on the project. *Id.* ¶¶ 15-16. JMAV asserts that Plaintiff Parker testified during

9

his deposition that he was not provided with any safety training regarding contaminated soil. *Id.* ¶ 18. JMAV also asserts that Strittmatter did not provide any of its employees with documented safety training regarding contaminated soil. *Id.* ¶ 19. In its Common Law Indemnity claim that JMAV seeks to add, JMAV contends that Strittmatter breached some or all of its alleged obligations in "training its employees, safety, supervision, regulatory compliance, and all other safety measures regarding its work." *Id.* ¶¶ 54-55.

After considering the parties' arguments, the Court concludes that Strittmatter has not met its burden of showing a colorable basis for denying leave to amend the third party complaint.[3] Strittmatter has not alleged that it is prejudiced by permitting JMAV to amend its complaint to add a common law indemnity claim against it and the Court finds that this factor does not preclude allowing JMAV to amend, particularly in light of the fact that JMAV already advanced a contractual indemnity claim against Strittmatter. Both JMAV and Strittmatter currently are engaged in discovery. Strittmatter has not alleged JMAV acted in bad faith nor is there any information in the record to support such an assertion. JMAV has not previously amended its third party complaint and, as previously discussed, the request is timely. The Court finds that Strittmatter has not sufficiently demonstrated that amendment of the third party complaint would be futile.

Accordingly, in an exercise of its discretion, the Court shall grant both ECC's request to amend its answer and JMAV's request to amend its third party complaint pursuant to Rule 15(a)(2). In reaching this conclusion, the Court notes that while it has concluded that Strittmatter and JMAV

---

[3] Strittmatter asserts that even if the Court finds that JMAV is entitled to indemnity from Strittmatter, JMAV is not entitled to recover damages related to its defense of its own negligence. Strittmatter's Opp'n to JMAV's Mot. at 6-7. The Court finds it premature to discuss the issue of damages at this stage of the proceeding and, as such, shall not consider this argument.

10

have not met their respective burdens of demonstrating a colorable basis for denying leave to amend, the Court expresses no other opinion on the validity of ECC's claims against Strittmatter and JMAV or JMAV's claims against Strittmatter.

## IV. CONCLUSION

For the foregoing reasons, it is this 6th day of April, 2017, hereby

**ORDERED** that ECC's [84] Motion to Amend its Answer to Assert a Counterclaim against Fourth Party Plaintiff Strittmatter and Cross-Claim against Defendant JMAV is GRANTED; and it is further

**ORDERED** that ECC's proposed amended Answer to Fourth-Party Complaint, Counterclaim Against Fourth-Party Plaintiff Strittmatter Metro, LLC and Cross-Claim Against Defendant John Moriarty & Associates of Virginia, LLC, ECF No. [84-1], attached as an exhibit to ECC's motion, shall be deemed filed; and it is further

**ORDERED** that JMAV's [85] Motion for Leave to File an Amended Third Party Complaint against Strittmatter Metro, LLC is GRANTED; and it is further

**ORDERED** that JMAV's Amended Third Party Complaint Against Strittmatter, LLC, ECF No. [85-2], attached as an exhibit to JMAV's motion, shall be deemed filed; and it is further

**ORDERED** that Strittmatter and JMAV shall respond to ECC's amended counterclaims and cross-claims, respectively, by no later than **April 19, 2017**, and Strittmatter shall respond to JMAV's Amended Third Party Complaint by **April 19, 2017**;[4] and it is further

//

//

---

[4] To the extent that either party files a motion to dismiss as a responsive pleading, the Court shall set a briefing schedule by separate order.

**ORDERED** that discovery is not stayed and the parties are to proceed with discovery.

                                                         /s/
                                 COLLEEN KOLLAR-KOTELLY
                                 United States District Judge